# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: July 18, 2019

```
* * * * * * * * * * * * *
CHERON GOLDING,                   *        No. 16-1132V
                                  *        Special Master Horner
             Petitioner,          *
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *        Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
             Respondent.          *
* * * * * * * * * * * * *
```

Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 13, 2016, Cheron Golding ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that an influenza ("flu") vaccine administered on October 17, 2013 caused petitioner to suffer from transverse myelitis, neuromyelitis optica, diplopia, dysarthria, facial droop, extreme incontinence and constipation, paresthesia, numbness and weakness to all extremities, and gait dysfunction. On January 23, 2019, the parties filed a stipulation for award, which the previously assigned special master adopted as her Decision awarding damages on the same day. Decision, ECF No. 50.[3]

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on June 13, 2019 for resolution of attorneys' fees and costs.

On April 8, 2019, petitioner filed an application for final attorneys' fees and costs. ECF No. 55 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $15,819.32 (representing $15,801.00 in fees and $18.32 in costs). Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs related to the prosecution of her petition. Fees App. Ex. 5 at 1. Respondent responded to the motion on April 18, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. at 2–3 (ECF No. 56). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant*

*part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests that her attorney, Mr. Randall Knutson, be compensated at $365.00 per hour for work performed in 2018-2019, and that his paralegal be compensated at $130.00 per hour. These rates are consistent with what Mr. Knutson has previously been awarded for his work in the Vaccine Program. *See Maddox v. Sec'y of Health & Human Servs.*, No. 16-1504V, 2018 WL 6382043, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018). Accordingly, the requested hourly rates are reasonable.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, I find the overall hours billed to be excessive for several reasons, warranting an overall reduction. First, the billing records indicate that Mr. Knutson billed an excessive amount of time to complete several tasks, including regularly billing 0.2 hours for review of routine scheduling orders (entries on 1/17/18, 3/29/18, 5/15/18, 7/15/18 among others). Next, Mr. Knutson billed 2.0 hours to "review court order and research attorney fees issues" on 2/5/18 and 1.5 hours on "research new york medicaid law regarding lien in NY state and reductions of liens" on 6/29/18. "An inexperienced attorney may not ethically bill his client about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

2241877, at *5 (Fed. Cl. Spec. Mstr. Jul. 13, 2007). This issue was also raised at in the decision awarding Mr. Knutson interim fees in this case. *Golding v. Sec'y of Health & Human Servs.*, No. 16-1132V, 2018 WL 1163996, at *3 (Fed. Cl. Spec. Mstr. Feb. 5, 2018). As mentioned then, Mr. Knutson has over 25 years of experience and worked on dozens of Vaccine Program cases – it is unclear as to what attorneys' fees issue he was researching or why it necessitated two hours.

Finally, the billing entries contain many duplicate entries for work performed by Mr. Knutson and his paralegal. Examples include entries on 6/13/18, 7/9/18, 7/10/18, 8/9/18, 1/2/19, 1/15/19, 1/22/19, 1/23/19, typically involving review of filed documents or drafting and filing status reports. Again, this is an issue that was previously addressed in the interim fees decision. *Id.* at *5.

For all these reasons, I shall reduce the final award of attorneys' fees by 10% to offset the aforementioned billing issues. This results in a reduction of **$1,580.10**. Petitioner is thus entitled to final attorneys' fees of **$14,220.90**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18.32 in costs for mailing. Fees App. Ex. 2 at 16. I find this requested cost to be reasonable and shall reimburse it in full.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $15,801.00 |
| (Reduction to Fees) | - ($1,580.10) |
| **Total Attorneys' Fees Awarded** | **$14,220.90** |
| | |
| Attorneys' Costs Requested | $18.32 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$18.32** |
| | |
| **Total Attorneys' Fees and Costs** | **$14,239.22** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award the following:**

1) **A lump sum in the amount of $14,239.22, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Randall Knutson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).